Clarence W. McLAUGHLIN

v.

LIBERTY MUTUAL INSURANCE COMPANY and Louisiana Power & Light Company.

Civ. A. No. 2967.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 30, 1965.

John L. Avant, Dodd, Hirsch, Barker, Avant & Wall, Baton Rouge, La., for complainant.

Robert J. Vandaworker, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for defendant, Liberty Mut. Ins. Co.

WEST, District Judge:

Plaintiff, Clarence W. McLaughlin, was injured while in the course of his employment with Raymond International, Inc. He alleges in his original complaint that his injury was caused by the joint and concurrent negligence of one Edward Braswell, a co-employee of Raymond International, Inc., and the agents or employees of Louisiana Power & Light Company. A motion was filed by Louisiana Power & Light Company to dismiss this action as to them for lack of jurisdiction, and thereafter the plaintiff voluntarily dismissed the suit as to that defendant only. Thereafter plaintiff filed an amended and supplemental complaint in which he alleges that Edward Braswell was an "executive officer" of Raymond International, Inc., and that Emmet Faust, O. B. Starkey, "and other persons whose names are unknown to your complainant" were "agents and employees" of Raymond, and that plaintiff's accident and resulting injuries were caused by the joint and concurrent negligence of these employees of Raymond. He maintains this suit, under the Louisiana Direct Action Statute, L.R.S. 22:655, directly against Liberty Mutual Insurance Company, the liability insurer of Raymond International, Inc. Liberty Mutual filed a motion for summary judgment, attaching thereto the deposition of Edward Braswell and a copy of the insurance policy involved, contending that this policy does not afford coverage for the accident here involved. After hearing arguments of counsel, and after giving due consideration to the record herein and the excellent briefs filed by counsel for the respective parties, this Court concludes that the defendant's position is sound and that there is no coverage afforded by the policy here involved which would cover the accident of which this plaintiff complains.

As to whether or not Edward Braswell is an "executive officer" of Raymond International, the case of Bruce v. Travelers Insurance Company, 5 Cir., 1959, 266 F.2d 781 is controlling. After reviewing the deposition of Braswell, it seems quite evident that, in view of Bruce, this man was not an "executive officer" of Raymond International, Inc. so as to come within the definition of "insured" as con-

tained in Liberty Mutual's policy. See also Grant v. Sutorbilt Corporation, et al., 5 Cir., 1965, 343 F.2d 807.

■ The remaining question is whether or not Braswell, Faust, and Starkey, as employees of Raymond International, Inc., are "insureds" within the meaning of this policy.

Under the general insuring agreement of this policy, the definition of "insured" is as follows:

"The unqualified word 'insured' includes the named insured and also includes any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the named insured. If the named insured is a partnership, the unqualified word 'insured' also includes any partner therein but only with respect to his liability as such."

Then, by an amendatory endorsement, it is provided:

### "ADDITIONAL INSURED ENDORSEMENT

"(Employees of the Named Insured)

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and Property Damage Liability applies, subject to the following provisions:

"Except with respect to any claim by or on behalf of a fellow employee or an employee of any interest insured under the policy, the unqualified word 'insured' also includes any employee of the named insured while acting in behalf of the named insured in connection with his occupation."

This endorsement, while extending the coverage of the policy generally to include "any employee of the named insured while acting in behalf of the named insured in connection with his occupation," clearly, and by express language, excepts and excludes from this coverage

any claim "by or on behalf of a fellow employee or an employee of any interest insured under the policy." This exclusion is clear and unambiguous. By its exact terms, the insurance afforded by the policy does not extend to any claim by or on behalf of a fellow employee. Thus the present suit being one by a fellow employee of the alleged tort feasor, no coverage is provided by this policy.

But counsel for plaintiff contends that under the "Interpretation of Cross Liability" endorsement to the policy, the plaintiff is deemed to be a "member of the public" and that hence the exception in the "Additional Insured Endorsement" does not apply. The endorsement entitled "Interpretation of Cross Liability" reads as follows:

"As respects claims against any insured under this policy, other insureds or the employee of other insureds shall be deemed to be members of the public."

But in order for this provision to have any application, it must first be determined that the claim being asserted is one against an "insured" under the policy. Braswell, Faust and Starkey are not insureds under the primary insuring agreement of the policy because they are neither named insureds nor are they executive officers, directors, or stockholders thereof. They are not insureds under the "Additional Insured Endorsement" because, this being a claim by a fellow employee, they, as employees of the named insured are expressly excluded from coverage. Thus, this is not a claim "against any insured under this policy" such as to bring it within the coverage that might otherwise be afforded by the "Interpretation of Cross Liability" endorsement.

■ The plaintiff argues that these two endorsements are ambiguous and therefore must be interpreted adversely to the insurer. He suggests, in effect, that because the provisions are ambiguous they should be literally read out of the policy altogether. This Court cannot agree with that suggestion. The provisions are compatible one with the other,

and hence both provisions must be given full effect if possible. In this instance, full effect can be given to the "Additional Insured Endorsement" without doing violence to the endorsement pertaining to cross liability. When such can be done, it is incumbent upon the Court to do so. Counsel for plaintiff suggests that if this is done, there may be no set of circumstances under which coverage could be afforded by the endorsement pertaining to the "Interpretation of Cross Liability." Whether this is so or not is debatable but immaterial. The fact remains that we need not look to any general provision of the policy providing for coverage when there is a specific exclusion of coverage contained in the policy. The additional insured endorsement in this case clearly and unambiguously excludes coverage in cases such as this involving a claim by an employee who predicates his claim upon the alleged negligence of a co-employee of the named insured. The Court must give effect to this clear and unequivocal exclusion. Thus, there being no coverage afforded in this instance by the policy issued to Raymond International, Inc. by defendant, Liberty Mutual Insurance Company, the motion for summary judgment must be granted.